IN RE: State of Louisiana;' — Plaintiffs); Applying for Supervisory and/or Remedial Writs; Parish of Jefferson 24th Judicial District Court Div. “I” Number 98-6946; to the Court of Appeal, Fifth Circuit, Number 99-K-815
Granted in part, otherwise denied. Insofar as the trial court mad a blanket ruling of inadmissibility as to J.K.’s plea and adjudication, it is reversed. Although a juvenile adjudication is generally inadmissible as an attack on credibility under art 609.1(F) of the Code of Evidence, it may be admissible under article 607 to show bias, interest, corruption, etc. This is especially true in this case where the adjudication arises out of the same facts as those for which the defendant is on trial.
In this case, after considering the balancing test of article 403, the trial court should admit evidence of the plea agreement and juvenile adjudication if it is determined that the probative value substantially outweighs the danger of misleading the jury, such as:
(1) the jury is left with the impression that J.K. was not charged with the crime in exchange for his testimony and/or given *36 preferential treatment by the state although participating in the same crime as the defendant;
(2) the witness’ testimony is favorable to the defendant and/or the witness, leaving the jury to speculate why the state called the witness.
JOHNSON, J. not on panel.